**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Javon Pittman,** | ) | **CASE NO. 1:05 CV 2470** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Chase Home Finance, LLC,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter if before the Court upon plaintiff's Motion to Alter or Amend Judgment (Doc. 20) and defendant's Motion for Leave to Cite Additional Authority in Support of Brief in Opposition to Plaintiff's Motion to Alter or Amend Judgment, and/or in the Alternative, Motion for Leave to Amend Removal Petition Instanter (Doc. 28).  For the following reasons, plaintiff's motion is denied and defendant's motion is granted.

### Discussion

Javon Pittman, individually and on behalf of all others similarly situated, brought this lawsuit in the Cuyahoga County Common Pleas Court against defendant, Chase Home

1

Finance, LLC, in September 2005, asserting the following class:

> All persons who at any time from January 31, 2000 and thereafter, paid off a residential mortgage recorded in Ohio, where Chase Home Finance LLC., Chase Manhattan Mortgage Corporation, Chase Mortgage Services, Inc., Chase Mortgage Company, Chase Mortgage Company-West, or any other predecessor or other entity acquired or merged with or otherwise now a part of Chase Home Finance LLC. (including any affiliates, subsidiaries, and/or related lending institutions) was the mortgagee, where the mortgage satisfaction was not recorded within 90 days of payoff.

Plaintiff alleged that in 2001, he paid off or otherwise satisfied one or more mortgages where Chase Manhattan Mortgage Corporation was the mortgagee, but the latter did not timely record the mortgage satisfaction as required by Ohio Revised Code § 5301.36(B). Ohio Revised Code § 5301.36(C) provides that a mortgagor may recover $250.00 in damages for a violation of division (B).

Defendant removed this case alleging jurisdiction under the Class Action Fairness Act of 2005 (CAFA), which gives district courts original jurisdiction over class actions in which there is diversity of citizenship, the matter in controversy exceeds $5,000,000 and the class numbers at least 100.

In its Notice of Removal, defendant submitted the affidavit of its representative, James Schneider, who averred that defendant serviced more than 125,000 loans secured by Ohio residential property, which borrowers paid off from January 31, 2000 through the present. On this basis, defendant asserted that the amount in controversy requirement had been met.

Plaintiff moved to remand, arguing that the amount in controversy does not exceed $5,000,000 because the affidavit fails to state the number of late releases or indicate a number of class members.

This Court determined that the amount of loans referred to in Schneider's affidavit multiplied by the $250.00 statutory damage amount satisfied the amount in controversy requirement. This Court rejected plaintiff's assertion that the affidavit was not probative on the issue of the amount in controversy because it failed to state the number of late releases. This Court agreed with defendant that in removing the case, it does not have to concede that it untimely recorded the satisfactions of any of the 125,000 mortgage loans at issue.

Plaintiff now asks this Court to amend its Order and remand this case to state court. Plaintiff asserts, for the first time, that Schneider's averment regarding the number of loans *serviced* by defendant is irrelevant. Rather, plaintiff posits, the number of transactions for which defendant was the *mortgagee* is the pertinent inquiry given that Ohio Revised Code § 5301.36(B) requires that the mortgagee timely record the fact of satisfaction and § 5301.36(C) imposes a fine on the mortgagee for failure to so comply. Plaintiff further argues that admitting the number of transactions in which defendant was the mortgagee has nothing to do with admitting liability, but that liability requires a showing that the release was untimely.

Defendant asserts that it meets the amount in controversy minimum whether the Court considers servicing numbers or mortgagee numbers.[1] Defendant submits the supplemental affidavit of James Schneider who avers that defendant was the named mortgagee for more than 20,000 of the 125,000 loans it serviced during the relevant period. (Doc. 26 Ex. 1). Multiplying the statutory penalty ($250.00) by 20,000 amounts to a number which meets the

---

[1] Defendant also argues that this Court should not consider an argument that plaintiff should have raised in connection with his Motion to Remand. As plaintiff points out, however, the question of this Court's subject matter jurisdiction can be raised at any time in the litigation.

3

minimum amount in controversy requirement.

In reply, plaintiff points out that after the 30- day period for seeking removal, "cases indicate that the notice [of removal] may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice. ... Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d § 3733*. Plaintiff asserts that defendant's jurisdictional allegations only address servicer transactions and that its attempt to now change its allegations to address the status of the mortgagee is a substantive rather than a technical difference.

In response, defendant filed a Motion for Leave to Cite Additional Authority in Support of Brief in Opposition to Plaintiff's Motion to Alter or Amend Judgment, and/or in the Alternative, Motion for Leave to Amend Removal Petition Instanter which is opposed by plaintiff. Defendant proposes that *Gafford v. General Electric Company,* 997 F.2d 150 (6th Cir. 1993) and *Tech Hills II Associates v. Phoenix Home Life Mutual Insurance Company,* 5 F.3d 963 (6th Cir. 1993) permit this Court to consider affiant Schneider's additional averment. Alternatively, defendant seeks leave to amend the removal petition to include and incorporate Schneider's second affidavit.

In *Gafford*, defendant's petition for removal in support of diversity jurisdiction stated only that defendant had its "principal place of business in a state other than Kentucky." The court stated that to the extent the petition for removal was technically deficient, it was cured by subsequent information supplied by defendant as to its principal place of business. The court cited 28 U.S.C. § 1653 which permits defective allegations of jurisdiction to be

4

amended in the trial or appellate courts.

Likewise, in *Tech Hills II,* the court rejected plaintiff's assertion that the removal petition was deficient because it did not allege the citizenship of the corporation's individual partners while alleging the citizenship of plaintiff and the defendant corporation. The court found that the district court properly granted defendant's leave to amend the petition to include allegations of the partners' citizenship where diversity jurisdiction was alleged in the original petition and diversity in fact existed at the time of the original petition.

Subsequently, in *Campbell v. The Equitable Life Assurance Society of the United States,* 1995 WL 478716 (6th Cir. Aug. 10, 1995), the Sixth Circuit recognized that defendants are permitted to cure defective allegations regarding diversity jurisdiction where such jurisdiction did in fact exist.

This authority demonstrates that defendant is permitted to submit additional evidence (or amend its removal petition) to show that it meets the amount in controversy requirement. Defendant removed this case asserting diversity jurisdiction under the CAFA, alleging that the $5 million amount in controversy had been met. In response to plaintiff's assertion that the number of transactions in which defendant was the mortgagee is the relevant inquiry, defendant provided this additional information. Contrary to plaintiff's assertion, the basis for removal remains the same. Defendant is seeking only to further support its statement that the amount in controversy has been met.

### **Conclusion**

For the foregoing reasons, plaintiff's Motion to Alter or Amend Judgment is denied and  defendant's Motion for Leave to Cite Additional Authority in Support of Brief in

Opposition to Plaintiff's Motion to Alter or Amend Judgment, and/or in the Alternative, Motion for Leave to Amend Removal Petition Instanter is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/10/06