IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAVON PITTMAN, | CASE NO. 1:05cv2470 |
| Plaintiff, | |
| | JUDGE SARA LIOI |
| v. | |
| CHASE HOME FINANCE, LLC, | MEMORANDUM OPINION |
| | AND ORDER |
| Defendant. | |

This Court *sua sponte* determined to review its subject matter jurisdiction in this matter, and requested that the parties submit briefs on that question. *See* Doc. 58. Having reviewed the briefs submitted by the parties and the pertinent law, this Court hereby **ORDERS** that this case be **REMANDED** to the Court of Common Pleas, Cuyahoga County, Ohio, from which it was removed, as this Court lacks jurisdiction over the subject matter of this litigation.

*History*

Plaintiff Javon Pittman filed his complaint in Ohio state court, seeking statutory damages on behalf of a class to be made up of persons who paid off a residential mortgage recorded in Ohio, as to which Chase Home Finance, LLC, was the mortgagee, and as to whose mortgages Chase did not timely record the mortgage satisfaction, in violation of Ohio law. *See* Complaint (Doc. 1-2); *see also* Ohio Rev. Code § 5301.36. The statute entitles each prevailing plaintiff to damages of $250. Ohio Rev. Code

§ 5301.36(C).  Pittman specifically alleged in his complaint that he did not seek judgment on behalf of himself or any class member in an amount greater than $74,000.  Complaint at 3.

Chase removed the complaint to federal court, alleging that this Court had subject matter jurisdiction over Pittman's complaint under the Class Action Fairness Act, 28 U.S.C. §§ 1332 and 1453 ("CAFA"), because the statute's numerosity and amount in controversy requirements, as well as minimal diversity, were met.  *See* Doc. 1.

Pittman moved to remand this matter to the state court and the Court denied the motion.  This Court's obligation to verify its jurisdiction over a removed action, however, is ongoing:  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  *Sua sponte*, this Court has reviewed its subject matter jurisdiction in this matter, and determines that it lacks subject matter jurisdiction here. [1]

*Legal Standard*

<u>Ohio Rev. Code § 5301.36</u>

Pittman's complaint is based on Chase's alleged violation of its recording obligations under Ohio Rev. Code § 5301.36.  When a residential mortgage is satisfied, the mortgagee shall record the fact of the satisfaction in the proper county recorder's office within 90 days of the date of satisfaction; the mortgagor may recover damages of $250 if the mortgagee fails to comply with its obligations.  Ohio Rev. Code § 5301.36.  Pittman seeks statutory damages for himself and a class of similarly-situated persons.

---

[1] Chase repeatedly urges that there is no basis to "vacate" the Court's previous order in this matter denying Pittman's motion to remand this matter to state court.  Today's decision does not vacate that order.  Rather, this Court acts to comply with its ongoing obligation to limit its exercise of jurisdiction in accord with the law.

Pittman's proposed class consists of all persons who, from January 31, 2000, satisfied a residential mortgage recorded in Ohio as to which Chase both was the mortgagee and failed to record the satisfaction within 90 days. Complaint at 2. Pittman's complaint does not specify – and indeed Pittman was unlikely to be able to know at the time he filed the complaint – the number of persons within the class.

Class Action Fairness Act, 28 U.S.C. §§ 1332 and 1453

Chase removed Pittman's complaint to this Court under CAFA. CAFA provides that putative class actions may be removed from state court to a federal district court when three requirements are met: the matter in controversy exceeds the sum or value of $5,000,000; there is minimal diversity (any member of the plaintiff class is a citizen of a different state from any defendant); and the putative plaintiff class numbers 100 or more. 28 U.S.C. §§ 1332(d) and 1453(b).

This Court must not retain a removed case in which it becomes apparent that subject matter jurisdiction is lacking – in those circumstances, the case shall be remanded. 28 U.S.C. § 1447(c).

*Discussion*

This Court requested briefing from the parties on the issue of whether its exercise of jurisdiction was proper in this case, specifically directing the parties to focus on four core questions:

1. The burden of proof in determining whether the District Court has subject-matter jurisdiction of a removed action under the Class Action Fairness Act of 2005;

2. What constitutes sufficient proof, by the party bearing the burden, of the number of class members and whether sufficient proof has been offered here;

3. What constitutes sufficient proof, by the party bearing the burden, of the amount in controversy (as distinct from the amount of damages alleged) and whether sufficient proof has been offered here; and

4. Whether the party bearing the burden of proof on these issues can carry that burden in this case.

The parties submitted their briefs and – unexpectedly – briefs in opposition to each other's submissions.

Burden of Proof

Not surprisingly, Pittman contends that Chase bears the burden of proof; Chase "does not concede" that it bears that burden. Notwithstanding Chase's refusal, recent case law convinces this Court that Pittman is correct.

Chase, having removed this matter from state court, is the proponent of federal jurisdiction in this matter. As such, Chase bears the burden of proof on the question of federal jurisdiction. "Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (citation omitted); *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam) ("under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction").

Any lingering doubt concerning whether CAFA acted to shift the burden of proof on this point to the non-removing party by now has been laid to rest. *See, e.g., Brown v. Jackson Hewitt, Inc.*, Case No. 1:06CV2632, 2007 U.S. Dist. LEXIS 13328 at *5-*6 (N.D. Ohio Feb. 26, 2007) (CAFA does not alter the burden on the removing defendant of demonstrating the propriety of removal by a preponderance of the evidence); *see also Vanyo v. CitiFinancial, Inc.*, Case No. 1:06CV2943, 2007 U.S. Dist.

LEXIS 44856 at *4-*5 (N.D. Ohio June 20, 2007) (removing defendant bears burden of proving diversity jurisdiction by preponderance of the evidence).

### Sufficient Proof

Chase contends that the allegations in its removal documents, as amended by subsequent filings, suffice to establish jurisdiction in this Court under CAFA.  By contrast, Pittman contends that the filings before the Court on removal satisfy neither the numerosity nor the amount in controversy requirements of the law.  This Court's own review of the law indicates that Pittman is correct.

### Minimal diversity

Minimal diversity – defined by CAFA to embrace the situation when "any member of a class of plaintiffs is a citizen of a State different from any defendant" – is present here and not disputed.  *See* 28 U.S.C. § 1332(d)(2)(A).  Pittman is a citizen of Ohio and Chase is a corporation incorporated under the laws of Delaware.  Notice of Removal ¶ 5.

### Numerosity

Chase claims that it "serviced" over 125,000 loans in Ohio and that it was the "named mortgagee" for more than 20,000 loans in Ohio.  Although neither of these contentions reflects the number of persons actually likely to make up the subject class (*see post*), each contention suggests to this Court that, even if the class is appropriately constricted to include only the number of mortgage loans satisfied and not timely recorded, that class likely will include 100 or more persons (100 persons representing only one-half of one percent of Chase's avowed 20,000 loans for which it was "named mortgagee").  Oddly, Pittman makes no argument on this point.  Under these

circumstances, this Court believes numerosity may be found here. Even so, however, Chase has not carried its burden with respect to the amount in controversy.

<u>Amount in Controversy</u>

Chase initially alleged in support of its removal that it "serviced more than 125,000 loans secured by Ohio residential property, which borrowers paid off from January 31, 2000 through the present." Affidavit of James Schneider at ¶ 3, Exhibit 2 to Notice of Removal (Doc. 1). Chase's argument, based on this averment, was, first, that 125,000 greatly exceeded the minimum number of 100 class members; and second, that 125,000 multiplied by the $250 statutory damages greatly exceeded the CAFA $5,000,000 amount in controversy requirement. The jurisdictional prerequisites, according to Chase, were met.

After the Court denied Pittman's motion to remand, Pittman moved to alter or amend that decision, noting that Chase's allegation that it "serviced" 125,000 loans did not pertain in any meaningful way to the statutory language relating to the conduct of a "mortgagee" that failed to timely record a residential mortgage; the allegation, Pittman contended, therefore did not support this Court's jurisdiction. Chase then filed a new affidavit, stating that it was "the named mortgagee for more than 20,000" of the loans it serviced in Ohio. Affidavit of James Schneider at ¶ 3, Exhibit 1 to Brief in Opposition (Doc. 26). At the statutory rate of damages, a class with 20,000 members would precisely satisfy the $5,000,000 amount in controversy requirement. Even if the Court accepts Chase's allegation as true, however, it cannot suffice.

The class at issue is not persons whose loans were serviced during the relevant time, nor is it persons as to whose residential mortgages Chase was mortgagee.

- 6 -

The class at issue, as this Court reads Pittman's complaint, is made up of persons as to whose residential mortgage loans Chase *both* was the mortgagee *and* failed to record the mortgage satisfaction with the appropriate county recorder's office in a timely fashion. Chase has never made any allegation concerning the number of persons potentially included within this class. Extrapolating from Chase's most recent allegation – that it was the "named mortgagee" for more than 20,000 loans serviced in Ohio – it is unlikely that Chase would allege that it also failed to timely record all 20,000 loans that would be necessary to satisfy CAFA's amount in controversy requirement.

"[T]he removing litigant must show a reasonable probability that the stakes exceed the minimum.  The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." *Brill* 427 F.3d at 449 (citations omitted).  Chase has not made a showing that the stakes in this case exceed the $5,000,000 CAFA minimum.

Another judge of this Court recently was faced with a substantially identical situation and reached a substantially identical conclusion.  In *Vanyo v. CitiFinancial, Inc.*, Case No. 1:06CV2943, 2007 U.S. Dist. LEXIS 44856 at *4-*5 (N.D. Ohio June 20, 2007), Judge Aldrich addressed a putative class action, removed from Ohio state court pursuant to CAFA, alleging failure to file a timely termination statement for a loan covering consumer goods, which (if proved) would entitle plaintiffs to statutory damages of $500 per violation.  The defendant there sought to broadly define the class as including all active financing statements, which yielded a class of over 20,000 members. The statute provided for a more limited class, however, consisting of those who had

active financing statements with defendant, covering consumer goods, the loans for which have been paid off, but as to which the defendant did not timely file the termination statement.  Judge Aldrich declared that the defendant's assertion concerning the number of active financing statements:

> is not determinative on the issue of class size, since it only proves the first element of the statute . . . .  It does not prove whether or how many of the 22,837 statements are for consumer goods, or for loans which have actually been paid . . . .  Citi has therefore failed to provide sufficient evidence that the putative class is large enough to support aggregate damages greater than CAFA's statutory minimum to establish subject matter jurisdiction.

*Id.* at *7-*8.  *Vanyo* was remanded to state court.

Chase contends that, by alleging that it was the named mortgagee for over 20,000 residential mortgage loans in Ohio for the relevant period, the $250 statutory damages for each plaintiff of necessity and by simple multiplication resulted in an amount in controversy of more than CAFA's minimum $5,000,000.  As in *Vanyo*, however, because the number of loans proposed by Chase encompasses a broader universe of mortgagors (all those as to whose mortgages Chase was mortgagee during the class period) than those entitled to protection under the Ohio statute (all those as to whose mortgages Chase was mortgagee *and* Chase did not timely record satisfaction of the mortgage), Chase cannot rely upon its number of 20,000 or more to support the jurisdictional minimum of $5,000,000.  In the absence of that minimum amount in controversy, this Court must remand this matter to the state court.

Chase further contends that it should be granted the opportunity to supplement its removal petition to demonstrate this Court's jurisdiction under CAFA.  Chase has had numerous opportunities to make its position known to the Court – in its

- 9 -

notice of removal; in its briefing in response to Pittman's motion to remand; in its briefing in response to Pittman's motion to alter/amend judgment; and in its briefing in response to this Court's May 8, 2007 Order. If Chase has held back any arguments or facts tending to support its position that removal was appropriate, this Court will not wait any longer to hear them.

*Conclusion*

Chase has the burden of proving, by a preponderance of the evidence, that this Court has subject matter jurisdiction over this matter under CAFA. Chase has not carried this burden and is not entitled to further attempts to do so. For these reasons, this matter hereby is **REMANDED** to the Court of Common Pleas, Cuyahoga County, Ohio, from which it was removed on October 19, 2005.

**IT IS SO ORDERED**.

Date: July 25, 2007            *s/ Sara Lioi*
                               **HONORABLE SARA LIOI**
                               **UNITED STATES DISTRICT JUDGE**